## MILLER v. HOUSTON CITY ST. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1893.)

### No. 53.

1. APPEAL—DECISION—PLEAS—TRIAL BY COURT—ABSENCE OF FINDINGS.
   Where, in an action tried by the court without a jury under Rev. St. § 700, the court overrules demurrers to a number of pleas, but makes no special finding of facts, for which reason it is impossible to determine whether any particular plea which may have been erroneously sustained was not relied on in giving judgment, it will be necessary to reverse the judgment if any one of the pleas is found to have been erroneously sustained.

2. SAME—TRIAL BY COURT—RULINGS ON EVIDENCE.
   In an action at law, tried by the court without a jury, there is not the same necessity for nice distinctions in rulings upon the admission of evidence as when such evidence goes to a jury, for the same judicial mind which would exclude improper evidence from the jury can disregard it in considering the case; and hence, when there appears sufficient legal evidence to justify the conclusions reached, an appellate court will not reverse the judgment, although certain irrelevant evidence was heard, and was not positively excluded by order.

3. PLEADING—CONSTRUCTION OF PLEAS—VERIFICATION.
   A plea averring that plaintiff "is not the owner in either or any of the capacities in which he sues" of the certificates of stock in question, or any right or interest therein authorizing him to recover thereon or to maintain the suit, does not deny plaintiff's right to sue on account of personal incapacity, but on account of his lack of property in the certificates: nor does it deny the execution or genuineness of any document or its indorsement; and such plea therefore does not come within the provisions of Rev. St. Tex. 1879, requiring verification by affidavit.

4. CORPORATIONS—STOCKHOLDER'S ACTION FOR REFUSAL TO TRANSFER STOCK—DEFENSES.
   In an action against a corporation to recover damages for its refusal to transfer on its books certain shares of its stock, it is no defense that plaintiff acquired the same from a prior holder by means of an illegal gambling contract when there is no showing that the prior holder ever repudiated the transaction, or made any claim on the company for the stock.

**5. SAME.**

It is no defense to such a suit that the certificates of stock are held by plaintiff as collateral security for a debt which is barred by the statute of limitations, for stock so held is a pledge, and not a mortgage, and the right to the statutory bar is a privilege purely personal to the debtor.

In Error to the Circuit Court of the United States for the Eastern District of Texas. Reversed.

Statement by LOCKE, District Judge:

This was an action at law instituted by Walter T. Miller, the plaintiff in error, against the Houston City Street-Railway Company, the defendant in error, to recover damages for the wrongful refusal, in the year 1888, to transfer upon its books, in the name of plaintiff, 180 shares of the capital stock of said company, held by the plaintiff in error, who was the holder of the original certificates, which he offered to surrender to defendant at said time. The plaintiff in error alleges substantially in his petition that the defendant in error, the Houston City Street-Railway Company, by virtue of and in conformity with its charter and by-laws "did issue and deliver to one T. W. House on October 1, 1873, eleven certificates of stock of said company in due form, sealed with the seal and signed by the president and secretary of said defendant company, for 180 shares in the aggregate of the capital stock of said company, in each of which certificates it was acknowledged that the said T. W. House was the owner of the number of shares therein mentioned, of the par value of twenty-five dollars each, and in which it was provided that said stock was 'transferable only on the books of the company at their office in the city of Houston, Texas, in person or by attorney, upon the surrender of his certificate;' and that afterwards, under date of October 2, 1873, the said T. W. House, by certain assignments under his hand, did, for a valuable consideration, and in due course of trade, sell, transfer, and assign the said 180 shares of stock to the said plaintiff, and did authorize the plaintiff to make the necessary transfers on the books of the defendant company, and did then deliver the said eleven certificates, respectively, with the said assignment indorsed thereon, respectively, to the said plaintiff; that the plaintiff, being in the lawful possession, and entitled to the possession, of said certificates and shares of stock, and being the holder and owner thereof, and entitled to all the rights, dividends, and profits thereunto belonging, on or about July 30, 1888, and on divers days thereafter, and before the bringing of this suit, (which was filed September 16, 1889,) did apply to and require the defendant to transfer said shares of stock in the name of plaintiff upon its books, to issue to him in lieu of said certificates, which he then offered to surrender, certificates for an equal number of shares of the capital stock of the defendant company, in accordance with the formalities required by its charter; and did also then require the said defendant to pay to him all dividends declared by it upon said shares of stock, and to duly recognize said plaintiff as the owner of said stock, and entitled to all the rights, dividends, and profits thereunto belonging; but the said defendant did wholly refuse at the respective times of said application and requirement, and still doth refuse, to transfer said shares of stock in the name of the plaintiff upon the books of said company, or to issue and deliver to the plaintiff certificates for the said 180 shares of its capital stock, or to pay to him the dividends declared thereon, or to recognize said plaintiff as the owner of said stock."

The defendant company, in its answer, pleaded in substance and effect:

(1) A general denial of all the allegations contained in plaintiff's petition.

(2) That the plaintiff is not the owner, in either or any of the capacities in which he sues, of the certificates and stock in question, or of any right or interest therein authorizing him to recover thereon, or to maintain this suit. To which plea the plaintiff demurred specially on the ground that it was not verified by affidavit, as required by Rev. St. Tex. art. 1265.

(3) That the plaintiff, or his firm of W. T. Miller & Co., acquired the said certificates and stock by and through an illegal and gambling contract in cotton with one William Brady, who transferred and pledged said certificates to plaintiff, or his said firm, as collateral security for margins or commissions

charged Brady by W. T. Miller & Co., cotton brokers in New York, in further-
ance of such illegal and gambling contract in cotton. To this plea the plain-
tiff demurred specially on the ground that the matters therein alleged between
plaintiff and Brady were not a proper subject of inquiry in this suit, were of no
concern to this defendant, and were immaterial, impertinent, and irrelevant
as between the plaintiff and the defendant herein.

(4) That the indebtedness claimed by the plaintiff or his firm against William
Brady, and to secure which the said certificates were pledged as collateral
security, is barred by the statute of limitations of the state of Texas of two
and four years, respectively; to which plea the plaintiff demurred specially
on the ground that it was not a proper subject of inquiry in this suit, that it
was of no concern to the defendant herein, and that it was immaterial, im
pertinent, and irrelevant as between this plaintiff and this defendant whether
said indebtedness was or was not barred by limitation.

(5) That the certificates and stocks were canceled, discharged, and satisfied
on or about June 15, 1874, by the issuance and delivery by the defendant to
William Brady, then the owner of the certificates and stock in suit, of other
and new certificates of stock; that William Brady, who was then the defend-
ant's president, continued to hold the certificates in suit in his capacity as pres-
ident, and as discharged and canceled, until he ceased to be president, in the
early part of 1875; that the certificates and stock in suit are now, and have been
ever since June 15, 1874, null and void, and of no force or effect whatever
against the defendant; and that plaintiff or his firm acquired the certificates
in suit from William Brady long after Brady ceased to be president of the
defendant company, and with actual or constructive knowledge of such can-
cellation of said certificates and stock, and without paying valuable considera-
tion therefor. To which plea the plaintiff demurred specially, as not showing
and alleging any valid or lawful cancellation of said certificates and stock.

(6) That plaintiff's cause of action against the defendant is barred by the
statutes of limitation of the state of Texas of two and four years, respec-
tively.

(7) That at all times and on all occasions continuously ever since June 15,
1874, up to and at the present time, the defendant has treated and regarded
the certificates and stock in suit as settled, satisfied, canceled, discharged, and
null and void, and of no force or effect whatever against defendant, and re-
fused to recognize said certificates or stock as valid or binding, or of any force
or effect against the defendant, of all of which facts the plaintiff has had knowl-
edge, actual or constructive, continuously ever since June 15, 1874; and that,
therefore, the plaintiff's demands sued on herein "are stale demands," as well
as barred by the statutes of limitation, "and do not entitle the plaintiff to
any relief." To which plea the plaintiff demurred specially, as vague, obscure,
uncertain, and attempting to set up in a case at law the defense of stale de-
mand, which, when well pleaded, is good only in equity.

The plaintiff, by way of replication to defendant's answer, filed—First, a
general demurrer, and also special demurrers to each of the special defenses
set up by the defendant, the grounds of which special demurrers have been
mentioned, all of which were overruled by the court; second, pleaded a gen-
eral denial of the allegations contained in the defendant's answer; and, third,
pleaded specially, by way of estoppel, to each of the special pleas of the de-
fendant, in substance as follows, viz.: The due and legal issuance, signing,
and delivery by the defendant company to one T. W. House, on October 1,
1873, of the said certificates, under the seal of the company and the signa-
ture of its president and secretary, and that the defendant company "thereby
acknowledged and represented unto all persons interested that the said T. W.
House was the owner of one hundred and eighty shares of twenty-five dollars
each of the capital stock of the defendant company, and thereby also acknowl-
edged and represented unto all persons interested that the said shares of
stock could be transferred only on the books of the company, at their office in
the city of Houston, Texas, in person or by attorney, upon the surrender of
said certificates; and thereby also represented and acknowledged unto all
persons interested that whoever in good faith purchased the said stock and
produced to said defendant the said certificates, regularly assigned, with
power to transfer, was entitled to have said stock transferred to him; and

thereby also acknowledged and represented unto all persons interested that the said defendant would not transfer said stock to any one not in possession of said certificates; and thereby also acknowledged and affirmed and represented continuously unto all persons interested that it would hold, for the use and benefit of the owner and holder of said certificates, the amount of stock therein specified, until said certificates were presented at the office of the defendant for surrender and cancellation. That afterwards, as alleged in said plaintiff's petition, and before the commencement of this action, said plaintiff, for valuable consideration, in good faith, and without knowledge of any adverse claim to said certificates and stock, or either of them, or any part thereof, in full faith that the said defendant would observe its acknowledgments, affirmations, undertakings, and representations as aforesaid, relying upon the same in good faith, purchased said stock, and became duly possessed of said certificates by regular assignments, in due course of business, with power to make the necessary transfer on the books of the company, and pursue in all respects the directions given in the certificates. Wherefore, said plaintiff prays judgment if the said defendant ought to be admitted to its pleas aforesaid, contrary to its own acknowledgements and representations by the certificates of stock aforesaid, etc. To this last pleading of the plaintiff the defendant filed a general denial.

Both parties duly made and filed a written stipulation waiving a jury, and agreeing to the trial by the court. The cause was tried by the court without a jury, and judgment was was rendered for the defendant by the court below on March 9, 1892. The plaintiff sued out a writ of error, and brought up the case for review upon twenty-one assignments of error, the principal ones of which are that the court overruled the several special demurrers to defendant's pleas, and admitted the testimony of witnesses against plaintiff's objections.

F. D. Minor and R. B. Davidson, for plaintiff in error.

M. W. Garnett, (Jones & Garnett, on the brief,) for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

LOCKE, District Judge, (after stating the facts as above.) This cause having been tried without a jury by a stipulation of parties under section 700, of Rev. St., the rulings of the court, duly presented by a bill of exceptions, may be reviewed, and, were there a special finding of facts by the court, the review might extend to the determination of the sufficiency of the facts found to support the judgment. Miller v. Insurance Co., 12 Wall. 285. In this case the judgment was a simple finding for the defendant, as appears from the record, in the following words:

"And now, upon due consideration, the court finds for the defendant, wherefore it is considered by the court, and so ordered, adjudged, and decreed, that the plaintiff's general and special demurrers and exceptions to the defendant's third amended answer be, and the same are hereby, overruled, to which ruling of the court on said demurrers and exceptions the plaintiff excepts; and it is further considered by the court, and so ordered, adjudged, and decreed, that the plaintiff take nothing by his suit, and that defendant recover from the plaintiff all costs about this suit incurred, and have execution therefor."

What in the record claims to be a finding of facts is an extended statement of the testimony introduced in the case, occupying some 89 pages of the record, with no ultimate finding or determination. This is not considered such a special finding of facts as is contem-

plated by the statute. In Morriss v. Jackson, 9 Wall. 125, where this question was under consideration, the court says:

"It is not a mere report of the evidence, but a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest. * * * The bill of exceptions, while professing to detail all the evidence, is no special finding of facts." Mining Co. v. Jackson, 100 U. S. 37; Crews v. Brewer, 19 Wall. 70.

There being nothing in this case that can be considered such special finding, it is impossible to determine the amount of consideration given in the final determination of the question to any particular plea which had been pleaded, and thus decide whether, if there might be any plea which should not have been sustained, that particular one was or was not the one upon which final judgment was given. It necessarily follows, therefore, that if any one of the several pleas was improperly sustained it would be error.

It has been suggested that if in any plea sufficient grounds of defense are found to sustain the judgment it might be presumed that the court having the entire cause under consideration had given judgment upon that alone, regardless of the others, which might be bad; but, in the absence of a finding of fact showing that to have been the case, we do not think it can be presumed, and in reviewing and considering the pleadings the same practice must be followed as if the case had been tried by a jury, namely, a review of the rulings upon the pleadings and the admissions of evidence.

The first error assigned is the overruling of plaintiff's special demurrer to the second plea of defendant's third amended original answer, which denies that the plaintiff was, in either or any of the capacities in which he sues, the owner of the several certificates of stock mentioned and sued for, or of any right or interest in said certificates that authorized or could authorize him to recover thereon, or maintain this suit, because such plea was not verified by affidavit. Upon an examination of this plea it will be seen that, although the words, "in either or any of the capacities in which he sues," are used, yet the intended force and effect of the plea is not to deny the right to sue on account of his personal capacity, but on account of his lack of right of property in the alleged certificates. Nor does it deny the execution or genuineness of any document, or of its indorsement, and does not, we think, come under the provisions of article 1265, Rev. St. Tex. 1879.[1]

The third plea alleges that the certificates of stock upon which suit was brought were acquired through an illegal and gambling contract between one Brady and plaintiff, but it does not allege that Brady had in any way repudiated that contract, or had made any

[1]Rev. St. Tex. 1879, art. 1265: "An answer setting up any of the following matters, unless the truth of the pleadings appear on record, shall be verified by affidavit: * * * (2) That the plaintiff has not legal capacity to sue. * * * (3) That the plaintiff is not entitled to recover in the capacity in which he sues. * * * (9) A plea denying the genuineness of the indorsement or assignment of a written instrument, as required by article 271."

claim upon defendant company for said stock, or that defendant company had not obtained and held the benefits and advantages of the stock in the absence of these certificates. We do not consider that simply the plea of the illegality of the contract by which such certificates of stock were obtained, standing by itself, a sufficient plea, and the exception to it should have been sustained. Railroad Co. v. Durant, 95 U. S. 576; Chit. Cont. 976; Myers v. Meinrath, 101 Mass. 366; Helm v. Swiggett, 12 Ind. 194; King v. Green, 6 Allen, 139.

The fourth plea of defendant company urges as a ground of defense that the certificates sued on were only held as collateral security for an indebtedness claimed by said plaintiff against one William Brady, and that such indebtedness, if it ever existed, was barred by the statutes of limitations of the state of Texas. To this plea plaintiff demurred specially, because said matters were not a proper subject of inquiry in this suit; that it is immaterial and of no concern to the defendant herein whether any indebtedness owing by William Brady is or is not barred by the statute of limitations. The suit was upon certificates of stock alleged to have been assigned to plaintiff by one T. W. House in the course of business. Certificates of stock held as collateral security for an indebtedness are treated as a pledge, and not as a mortgage. Their possession passes with the pledging. Although the remedy may be barred by the statute of limitations, the debt is not extinguished, and it is within the discretion of the debtor to plead the statute or not. It was a personal privilege of Brady to plead the bar given by the statute, if he saw fit, or waive such rights; and it was for him alone. In Hudson v. Wilkinson, 61 Tex. 606, this question was directly passed upon, and it was held that "in case of a pledge the fact that the debt which it was made to secure is barred by the statute of limitations would constitute no defense to an action by the pledgee against another for the wrongful conversion of the property." This is accepted as the law of the state in which this action is pending, and controls in all matters of limitations. We consider the demurrer to this plea to be good, and that it should have been sustained.

We consider it unnecessary to review further the pleas and demurrers thereto, as they appear to allege matters upon which evidence might be given which would be directly relevant and material to the issue.

In the matter of the admission of evidence upon the several points specified in the bill of exceptions, we think it may well be said, as was said in Mining Co. v. Taylor, 100 U. S. 37, that "the admission of immaterial or irrelevant evidence is no sufficient reason for reversing a judgment when it is apparent that it cannot have affected the verdict or the finding injuriously to the plaintiff in error." It does not appear from the record how this testimony was taken, whether viva voce or by deposition, or whether the questions were objected to before being answered or not, or whether there was any motion to suppress any portion of the depositions or exclude the testimony, or whether there was any motion to exclude or suppress before the

evidence had actually been submitted to the court, or whether there was any direct ruling upon such question at the time, or exceptions, if rulings were made. The admission of evidence in a case being tried by a court without the intervention of a jury does not require the nice distinction of ruling that it does when it is to go to a jury, and the fact that testimony is given in an answer or read in a deposition does not necessarily imply that it is improperly considered in the final examination and conclusion of the case. The same judicial mind that would exclude it from a jury can as readily set it aside upon a final consideration; and, where there appears sufficient evidence to justify the conclusions reached, the presumption is that the irrelevant testimony, although heard and not positively excluded by order, was set aside eventually, and not considered to the injury of the plaintiff in error.

It is considered that the error in overruling the demurrers to the third and fourth pleas will necessitate a new trial, and it is ordered that the judgment below be reversed, and the cause be remanded for a new trial.