### VERA CRUZ & P. R. CO. v. WADDELL et al.

(Circuit Court of Appeals, Fourth Circuit. July 9, 1907.)

#### No. 708.

1. APPEAL AND ERROR—REVIEW—PRESUMPTIONS—TRIAL BY COURT.

It matters little whether a court trying a case without the intervention of a jury formally excludes evidence which it has necessarily had to hear in order to determine its relevancy at the time when offered, or at the end, when it considers the whole with a view of maturing its judgment, for the fact that it remains in the record does not necessarily imply that it was improperly considered in making the final decision.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3766.]

2. SAME—FINDINGS OF FACT.

Reversal of the lower court's judgment as to the facts will only be made when such judgment is shown to be against the clear preponderating weight of all the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3974.]

3. SAME—PRESUMPTION.

Where the whole testimony has not been incorporated in the record, it will be presumed that such testimony preponderates in favor of and sustains the judgment of the trial court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3673.]

155 F.—26

**4. SAME—FINDINGS OF FACT—SUFFICIENCY TO SUPPORT JUDGMENT.**
    Where findings of fact are specifically made and filed by the trial court sitting without the intervention of a jury, and no exceptions are taken to such findings, no other or additional findings are asked, and the testimony in full is not incorporated in the record, such findings will be taken as true, and the appellate court in passing upon the case will only reverse in case it finds the judgment rendered to be contrary to the facts so found and set forth by the trial court.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3673.]

In Error to the Circuit Court of the United States for the District of Maryland.

Carroll T. Bond and J. S. Lemmon (Marbury & Gosnell, on the briefs), for plaintiff in error.

Edward Duffy and William C. Scarritt (Bond, Robinson & Duffy and Scarritt, Scarritt & Jones, on the briefs), for defendants in error.

Before PRITCHARD, Circuit Judge, and WADDILL and DAYTON, District Judges.

DAYTON, District Judge. This case comes here upon a writ of error to a judgment rendered by the Circuit Court of the United States for the District of Maryland. The original action was one in assumpsit instituted by the defendants in error, who will hereinafter be called the "engineers," against the plaintiff in error, hereinafter to be called the "railroad company," in the superior court of Baltimore City, and removed by the defendant railroad company to said United States Circuit Court. Attachment in the original proceeding was sued out and served upon Allan McLane, receiver of the Maryland Trust Company, and he, in the course of the proceeding, confessed assets in his hands, as such garnishee, sufficient to pay plaintiff's demand. The defenses interposed were substantially the general issue of nonassumpsit, and the case came on for trial by the court under express stipulation waiving trial by jury, and judgment was rendered in favor of the plaintiff engineers against the defendant railroad company on February 24, 1906, for $10,632.10, principal, and $850.56, interest, after the court had filed in the record its findings of fact and conclusions of law, and a written opinion setting forth its reasons therefor.

The record is voluminous, but only a very brief statement of facts will be necessary. The railroad company, a West Virginia corporation, engaged in the construction of a line of railroad in Mexico, by contracts in the nature of accepted written propositions, employed the plaintiff engineers substantially to furnish plans and specifications for, and inspect and supervise the construction of, the bridges on said railroad line —some 208 in number. In addition to this, said engineers were called upon and furnished plans for an ocean pier at Vera Cruz, and supervised the construction of the company's shops at Tierra Blanco, and performed other services, and incurred expenses not necessary here to set forth in detail. The work involved a period of over three years, and, at the end these engineers rendered to the railroad company their account for these services, set forth in 72 specific items, showing a total of $123,215.03, which, after allowing payments of $108,591.45,

left, as they claimed, a balance of $14,623.58 due and unpaid to them. The sole controversy in the case turns upon the integrity of this account, and whether proper and sufficient evidence has been adduced to sustain it.

Many exceptions to the testimony were taken, motions were made to strike out and exclude testimony, prayers were made for "instructions or declarations by the court as to the law of the case" in the course of the hearing, and numerous assignments of error are now based upon the trial court's action in overruling these exceptions and motions and denying these prayers. We have carefully considered all these, and, for reasons following, we believe them to be without merit.

It matters little whether a court, trying by agreement a case in lieu of a jury, shall formally exclude evidence which it has necessarily had to hear in order to determine its relevancy, at the time when offered, or at the end, when it considers the whole with a view of maturing its judgment, for, as said in Miller v. Houston City St. Ry. Co., 55 Fed. 366, at page 372, 5 C. C. A. 134, 139:

"The admission of evidence in a case being tried by a court without the intervention of a jury does not require the nice distinction of ruling that it does when it is to go to a jury. And the fact that testimony is given in an answer, or read in a deposition, does not necessarily imply that it is improperly considered in the final examination and conclusion of the case. The same judicial mind that would exclude it from a jury can as readily set it aside upon a final consideration; and, where there appears sufficient evidence to justify the conclusions reached, the presumption is that the irrelevant testimony, although heard and not positively excluded by order, was set aside eventually, and not considered to the injury of the plaintiff in error."

And in this connection the words of Mr. Justice Shiras in Holmes v. Goldsmith, 147 U. S. 150, at page 164, 13 Sup. Ct. 288, 292, 37 L. Ed. 118, are deemed pertinent:

"The modern tendency, both of legislation and of the decisions of courts, is to give as wide a scope as possible to the investigation of facts. Courts of error are specially unwilling to reverse cases because unimportant and possibly irrelevant testimony may have crept in, unless there is reason to think that practical injustice has been thereby caused."

The court below has set forth in six separate paragraphs the facts involved, and the record nowhere discloses any exceptions taken to these findings, and no requests made for other or additional findings, and, although very voluminous by reason of the extended bills of exceptions, prayers for instructions, and assignments of error, it does not set forth the testimony upon which these findings are based, save and except to the extent that the bills of exceptions afford summaries of certain portions thereof.

We are convinced that the brief statement and application of a few principles governing appellate courts in passing upon cases like this, involving only questions of fact, will render wholly unnecessary a detailed consideration of this multitude of exceptions and assignments of error. And these principles are so fundamental and universal as to require no citation to the vast number of decisions establishing them.

First. Reversal of the lower court's judgment as to the facts will only be made when such judgment is shown to be against the clear preponderating weight of all the testimony.

Second. Where the whole testimony has not been incorporated in the record, it will be presumed that such testimony preponderates in favor of, and sustains, the judgment of the trial court.

Third. Where findings of fact are specifically filed by the trial court, sitting without intervention of a jury, and no exceptions are taken to such findings, no other or additional findings are asked, and the testimony in full is not incorporated in the record, such findings will be taken as true, and the appellate court, in passing upon the case, will only reverse it in case it finds the judgment rendered to be contrary to the facts so found and set forth by the trial court.

Under these principles, it is clearly apparent that the judgment of the lower court in this case must be in all respects sustained. And in justice to that court we feel constrained to state that, by what we have said herein, we do not intend to imply that improper and irrelevant testimony under the peculiar circumstances involved was admitted and considered. In the course of the trial the learned judge presiding, in passing upon the motions to strike out the testimony excepted to, said:

"I think that those motions should not prevail because the testimony that you move to strike out is all in one shape or another material and pertinent. It all has some force. How much weight or probative force is to be given to it is another matter, because this motion does not go to that. This motion is based on the theory that it is altogether inadmissible for any purpose for which it is offered. Now, it seems to me that it is admissible for some purpose or another. Some of your criticism goes to the exactness of the testimony. On the whole consideration of the matter, I admit the testimony for some weight, for some probative force as to each item. Of course, as to how much is a question for after consideration, but I will refuse the motions to strike out."

A careful consideration of the 14 bills of exceptions setting forth summaries of the evidence excepted to has convinced us that he was entirely right in this ruling, and such consideration further convinces us that he was entirely right in the final conclusions reached by him, for from this record as it is before us comes the abiding conviction that this railroad company, after securing the efficient services of these engineers—men standing in the forefront of their profession, and of approved character for probity—has sought by technicalities to escape its liability for the just and contract compensation due from it for such services. The appeal bond in this case was in the penalty of $1,000, conditioned to pay damages and costs. The formal order of judgment is not set forth in the record, and we are wholly unable to determine whether provision was made in it for the payment of interest upon the principal of the debt from the date of the judgment until its payment. To such interest plaintiff engineers are clearly entitled. More than a year has already elapsed since this judgment was rendered.

Out of abundance of caution, therefore, we will remand this cause to the court below, with direction, if such order of judgment does not already so provide, it be corrected so as to make full provision for the payment of such interest. And, affirming, as we do, the court below in its adjudication of the principles involved, it follows that defendants in error must recover of the plaintiff in error their costs in this court expended.