CASCADEN v. O'CONNOR.

(Circuit Court of Appeals, Ninth Circuit.   May 5, 1919.)

No. 3227.

1. TRUSTS ⊚⟶110—CONSTRUCTIVE TRUSTS—EVIDENCE.
   Where complainant and defendant started out on a joint adventure for the location of mining claims, and together located and staked a claim in the name of both, and thereafter discovery was made, but before discovery defendant erased complainant's name from the claim and substituted the name of another, the rule that, in order to establish a constructive trust by parol evidence as against the holder of the legal title, the proof must be clear, definite, and satisfactory, does not apply, for complainant's rights do not rest alone upon evidence of a parol agreement, but upon joint acts of the parties, etc.

2. JOINT ADVENTURES ⊚⟶4(1)—RIGHTS OF PARTIES.
   Where complainant and defendant, joint adventurers, located a mining claim, and defendant, after erasing the name of complainant and substituting that of another, who disposed of a one-fourth interest to a bona fide purchaser, made discovery, held that, as the discovery by defendant inured to the benefit of both parties, and defendant's act alone made

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

possible the conveyance of a one-fourth interest, complainant is entitled to recover a half-interest in the claim.

3. APPEAL AND ERROR ⇐1047(1)—REVIEW—RULINGS ON EVIDENCE.

Where rulings on the admissibility of evidence would not have affected the decree, which was based solely on a question of veracity of two witnesses, such rulings will not be reviewed on appeal.

Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Suit by Pat O'Connor against David H. Cascaden. From a decree for complainant, defendant appeals. Affirmed.

The appellee brought a suit against the appellant to recover an undivided one-half interest in and to the Gold Dollar association placer claim, alleging that on November 30, 1914, the appellant and the appellee located said claim as joint owners thereof, and that thereafter the appellant wrongfully and unlawfully erased the appellee's name from the monuments and stakes on the ground, and inserted thereon the name of another as joint locator with the appellant. The facts as found by the court below are in substance the following:

On November 30, 1914, the appellant and the appellee located the Gold Dollar association placer mining claim, and the location was witnessed by Albert Bell and J. J. Sherry. Thereafter the development work required by law was done on said claims for the joint use of the locators. At some time between the date of the location and February 14, 1915, the appellant wrongfully and unlawfully erased the name of the appellee as one of the locators and substituted therefor the name of Albert Bell. On February 20, 1915, notice of location of the claim was filed in the office of the recorder for the precinct in which the property was situated, in which notice the appellant and Bell were named as the locators of the claim, which notice was prepared by the appellant, and by him caused to be recorded. On or about December 16, 1914, the appellant and Bell entered into an agreement, whereby the latter, in consideration of the cancellation of certain indebtedness due from him and other considerations, covenanted and agreed to deed to the appellant an undivided one-half interest in all his property interests then acquired or to be acquired during the life of the agreement in the "Tolovana country," in which country was the property in controversy here. On or about May 21, 1915, to carry out that agreement, the appellant caused Bell to deed to him undivided interests in and to the properties referred to in the agreement, in which was included a one-fourth interest in the Gold Dollar claim. Thereafter Bell transferred to one McCarty the remaining one-fourth interest in the Gold Dollar, and McCarty was an innocent purchaser for value, and without knowledge of the change made of the locators of the claim.

As conclusions of law the court found that the appellee was entitled to receive from the appellant a deed to an undivided one-half interest in the Gold Dollar placer claim, and to an accounting for the gold extracted therefrom. The accounting was had, and final judgment was entered that the appellant pay the appellee $9,524.15, net proceeds of the undivided one-half of that claim.

The answer of the appellant denied that the Gold Dollar claim was located by him and the appellee, and alleged that the same was located by the appellant and Bell, and that the name of the appellee was never written and never appeared on the monuments of the claim. For an affirmative defense, the appellant alleged that in the month of November, 1914, the appellee went into the Tolovana country, the value of which for mining purposes was then unknown, and acquired certain rights in certain claims there which were of little value, as no discovery of gold had been made thereon, and thereafter, in January, 1915, he declared to the appellant that he had not returned to the Tolovana country, and he did not intend to return thereto or protect any interest therein; that he then and there abandoned whatever mining interest he may have had in that country, and he did not return thereto until May,

1915; and that by reason of his abandonment thereof none of the mining claims attempted to be located by the appellee in the Tolovana country ever became valid mining claims.

Morton E. Stevens, of Fairbanks, Alaska, and Thomas R. White, of San Francisco, Cal., for appellant.

Leroy Tozier and McGowan & Clark, all of Fairbanks, Alaska (De Journel & De Journel, of San Francisco, Cal., of counsel), for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellant points to the language of the opinion of the court below, in which it was said that the facts set forth in the complaint were proved "by a fair preponderance of the evidence," and invokes the rule that, in order to establish a constructive trust by parol evidence as against the holder of the legal title, the proof must be clear, definite, unequivocal, and satisfactory. 39 Cyc. 192. We think it should not be held that the expression quoted from the opinion of the trial court indicated that the proof was not of that satisfactory and convincing kind required to sustain a decree in such a case as this. This is not a case in which the legal title stood in the name of the defendant at the time of the initiation of the plaintiff's rights. Here, according to the evidence, the appellant and the appellee started out on a joint venture, traveled and camped together, and, as the court below found, together located and staked the claim in the name of both. There was testimony, which the trial court credited, that they made an agreement, upon which the appellee relied, that the appellant was to complete the location for their joint benefit. Each thereafter made discovery on the claim, but before discovery the appellant, unknown to the appellee, had erased the appellee's name from the claim and substituted the name of another. The rights of the appellee here do not rest alone upon evidence of a parol agreement with the appellant. They rest also upon proof of the joint acts of the parties, whereby the original rights were acquired. As to those acts the testimony of the parties is in direct conflict. The court below rejected that of the appellant and credited that of the appellee. We have no warrant for saying that the court did not find the evidence "clear," "definite," and "unequivocal," and it is clear that the court found it "satisfactory." In Schwartz v. Gerhardt, 44 Or. 425, 75 Pac. 698, the court said that the evidence to establish a constructive trust must be clear and cogent, and such as to satisfy the mind fully. In the present case the court in the opinion said:

"To believe the testimony of the plaintiff is to believe what is reasonable, logical, and probable. It is consistent with what the average prospectors would do under the same circumstances. The plaintiff is also entitled to that full measure of consideration which, since the establishment of courts, has been accorded to the witness who, by his demeanor and manner of giving his testimony, convinces the court of the truthfulness of his statements."

[2] The appellant contends that, inasmuch as the location made on November 30, 1914, was unaccompanied by discovery, and the

possession was abandoned by the locators, he had the right thereafter to enter upon the ground, and make a new location, and change the name of one of the locators, and that, in any view of the case, the most that a court of equity could award to the appellee would be the one-fourth interest which inured to the appellant by the substitution of Bell's name for O'Connor's, in accordance with the appellant"s general agreement with Bell, by which they were to share equally in all locations made in the name of either. This contention ignores the essential facts upon which the appellant's rights are founded. The appellant and the appellee, as we have found, were engaged in a joint venture, and a fiduciary relation existed between them. The appellant, according to the appellee's testimony, and as the court below found, had agreed to look after the interests of the appellee in this particular mining claim. When the appellant made discovery on the claim, it resulted in validating the location for the benefit of both locators. If the appellant caused the alienation of a one-fourth interest in the claim to an innocent purchaser, so that the same may not be recovcovered, it must be held that he thereby deprived himself, and not the appellee, of a one-fourth interest, and that the appellee was entitled to an undivided one-half interest in the claim, he not having parted with any portion of his interest, and not having been a party to the transaction by which a one-fourth interest was conveyed away.

[3] Other assignments of error present the rulings of the court below on the admission and exclusion of evidence, and refusal to find as requested by the appellant. We find no error in any of them. It is not necessary to review them, for the reason that the court below found on the conflicting testimony that the appellant wrongfully erased the appellee's name as one of the locators and substituted the name of Bell. On that question of fact the whole merits of the controversy rested. It was a question of veracity. The court believed the appellee and his witnesses, and the conclusion reached could not have been affected by any different rulings on the admissibility of evidence. Mining Co. v. Taylor, 100 U. S. 37, 25 L. Ed. 541; Engelstad v. Dufresne, 116 Fed. 582, 54 C. C. A. 38.

We find no error. The decree is affirmed.