GOVERNMENT OF THE VIRGIN ISLANDS
and CLIFFORD W. L. CALLWOOD, Plaintiffs

v.

ARSENE MASSAC, FELIX LA MOTHE, FRANK PEREZ
and GERALD SEBASTIAN, Defendants

Civil No. 204 — 1957

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 5, 1958

*See, also, 161 F. Supp. 704*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *for the Government of the Virgin Islands, plaintiff*

FRANCISCO CORNEIRO, ESQ., AND CROXTON WILLIAMS, ESQ., Charlotte Amalie, Virgin Islands, *for Clifford W. L. Callwood, plaintiff*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *for Felix La Mòthe and Gerald Sebastian, defendants*

JOHN L. MADURO, Charlotte Amalie, Virgin Islands, *for Frank Perez, defendant*

MARIS, *Circuit Judge*

This is an action for the recovery by the owners from the tenants of possession of rented business premises known as No. 87 Kronprindsens Gade in the Crown Prince's Quarter of the town of Charlotte Amalie. It appears that the premises in question are owned by the plaintiffs, the Government of the Virgin Islands and Clifford W. L. Callwood, as tenants in common, the Government owning a one-fifteenth interest and Callwood a fourteen - fifteenths interest therein, and that the defendants are tenants or subtenants of the premises, occupying separate portions thereof for their respective businesses. The plaintiffs served notices to quit upon the defendants on October 12, 1957, more than 30 days prior to the commencement of this action, as required by 28 V.I.C. § 843. The defendants, however, have refused to deliver possession of the premises to the plaintiffs and have filed answers contending that the Government has not been authorized to join as a plaintiff in the action, and that undue hardship will result to them if they are evicted.

■■ At the hearing Callwood established the fact that he seeks, in good faith, to recover possession of the premises for his own personal use in his business of manufacturing and selling jewelry. Accordingly the rent control law, 28 V.I.C. § 840, does not bar his prosecution of this action. The suit has been joined in by the Government, the complaint being signed on its behalf by the Governor and the assistant United States Attorney. The defendants strongly urge that this joinder is unauthorized and improper. I cannot agree. By 3 V.I.C. § 218 the Department of Property

330

and Procurement of the Government of the Virgin Islands is empowered to manage, control, dispose of and use government real estate, including rental properties of all kinds owned or controlled by the Government. The undivided one-fifteenth interest in the property here in controversy is certainly government property. And the fact that the Government is in this instance merely a tenant in common owning a small undivided fractional interest in the property is of no significance in this regard. For undivided fractional interests in real property may produce rents, as this one has been doing, and obviously require management and control or disposition just as much as do wholly owned Government properties.

██ The defendants assert that by a resolution passed by the Second Legislature at its first special session of 1957, known as Bill No. 604, the Legislature expressed its objection to the Government joining Callwood in bringing the present suit and they argue that this action by the Legislature deprived the Governor of authority to join the Government in the suit. But I am unable to follow this argument. For as we have seen, the Governor, acting through the Department of Property and Procurement which he supervises and controls (Revised Organic Act of 1954, § 11 [prec. 1 V.I.C.], 48 U.S.C. § 1591), has full power under existing law to manage, control and dispose of the Government's interest in this property, a power which necessarily includes the power to evict the tenants and to recover possession, by suit if necessary. The resolution passed by the Legislature could only limit this existing power if it had the force of law. But it did not attain that status, for two reasons. The first is that it was passed at a special session at which its subject matter was not specified in the Governor's call for the session or in any special message sent by him to the Legislature as required by section 7(a) of the Revised Organic Act of 1954 (prec. 1 V.I.C.), 48

331

U.S.C. § 1573(a), and the second is that it was not approved by the Governor or passed over his veto, as provided by section 9(d) of the Revised Organic Act of 1954 (prec. 1 V.I.C.), 48 U.S.C. § 1575(d). The resolution therefore never acquired the force of law. The defendants urge, however, that an administrative practice exists in the Territory under which the Government leases government property only with the approval of the Legislature and that such approval is lacking in this case. The short answer to this is that an administrative practice cannot operate to modify the statutory powers of the Governor. It may well be that, as a matter of policy, the Governor has consulted the Legislature as to such leases in the past and there is certainly nothing wrong in his doing so again. But, as we have seen, the law still confers upon him, acting through the Department of Property and Procurement, the authority to manage and control rental properties owned by the Government, and this he may do upon his own responsibility when he thinks proper.

▆ The only other contention of the defendants which I need mention is that the Government is not seeking possession of the premises for its own use, but merely for the use of its cotenant in common, Callwood, and therefore does not meet the conditions laid down by the rent control law, 28 V.I.C. § 840 (a), for maintaining an action for recovery of possession of rented property. The pertinent provisions of that subsection are as follows:

"(a) No action shall be maintained to recover the possession of rented premises in the Virgin Islands, except upon the ground that —

"(1) the owner seeks, in good faith, to recover possession of the premises for his own personal use; . . ."

There is no merit in this contention. It is a universal principle of law that the possession of one cotenant is the possession of all. Union Consolidated Silver Mining Co. v. Taylor, 1879, 100 U.S. 37, 25 L. Ed. 541; 14 Am. Jur. Coten-

ancy § 23. Accordingly the provisions of the statute are satisfied, in a case of co-ownership such as this, if one of the owners seeks possession of the premises for his own use. So far as concerns the tenants whom he seeks to oust his possession will be that of all the co-owners. If the rent control law were not so construed as to permit owners to recover possession of their properties when they desire, in good faith, to withdraw them from the rental market it would violate the Fifth Amendment to the Constitution and section 3 of the Revised Organic Act of 1954 (prec. 1 V.I.C.), 48 U.S.C., § 1561 by depriving the owners of their property without due process of law and in effect taking it without just compensation. Rivera v. R. Cobian Chinea & Co., 1 Cir., 1950, 181 F.2d 974.

A judgment for recovery of possession will accordingly be entered. In view of the defendants' showing of inability presently to secure other suitable premises the issuance of an order of eviction will be stayed for one period of 6 months pursuant to 28 V.I.C. § 841, conditioned upon the payment to the plaintiffs of installments equivalent to the reasonable rental for which they would be liable under their previously existing tenancies.

