### DORSHEIMER v. GLENN.

### GLENN v. DORSHEIMER.

*(Circuit Court of Appeals, Eighth Circuit. June 13, 1892.)*

Nos. 79, 80.

1. APPEAL—HARMLESS ERROR—EVIDENCE.
   In an action to recover an assessment on the stock of a corporation, tried to the court without a jury, a privileged communication was erroneously admitted to prove that the defendant was a stockholder. The court held that he was a stockholder, but the findings of fact showed that this decision was based upon other competent evidence. *Held*, that the admission of the privileged communication was harmless error. *Liggett* v. *Glenn*, 51 Fed. Rep. 381, distinguished.

2. CORPORATIONS—ASSESSMENT ON STOCK—LIMITATIONS.
   Each call for unpaid subscriptions to the stock of a corporation gives rise to a separate cause of action from the time of default thereunder, and a refusal to pay a draft for the first call cannot be considered as a denial of liability under all future calls, so as to set the statute of limitations running as against them.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by John Glenn, trustee of the National Express & Transportation Company, against Lewis Dorsheimer, to recover an assessment on the capital stock of said company. Judgment for plaintiff allowing interest from the commencement of the suit. 47 Fed. Rep. 472. A motion for a new trial was afterwards denied. 48 Fed. Rep. 19. Both parties bring error. Affirmed.

*W. H. Clopton*, for plaintiff in error, Dorsheimer.

*T. K. Skinker*, for defendant in error, Glenn.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. Substantially all the questions arising in this case upon the writs of error sued out by both parties have been considered by this court in the cases of *Liggett* v. *Glenn*, 51 Fed. Rep. 381, and *Priest* v. *Glenn*, Id. 400, (decided at the present term.)

On the trial in the circuit court there was introduced in evidence, over objection made, a contract entered into between the plaintiff in error and his counsel, in regard to the fees to be charged for defending suits brought to enforce calls made upon the capital stock of the National Express & Transportation Company. In *Liggett* v. *Glenn* we held that the admissions contained in this instrument were privileged, being confidential communications between client and counsel. It was there-

fore error to permit the introduction thereof. There was, however, other evidence introduced in this cause, including the testimony of the defendant, sufficient to prove his connection with the company; and in the opinion and findings of fact filed by the learned judge who tried the case, a jury having been waived, it appears that the court based its findings of fact in this case upon the other evidence properly before the court, and therefore it sufficiently appears that the error in admitting the "Fee Contract" was not in any sense prejudicial to the plaintiff in error, and does not require a reversal of the judgment of the trial court.

Upon the defense of the statute of limitations it is urged that the fact that, in 1866, the defendant below refused to pay a draft drawn by the company on him for an assessment made before August 10, 1866, must be held to have been a denial of any liability to respond to all further calls upon the subscription made by him to the capital stock of the corporation. The draft was merely a demand upon him to pay the amount of the calls then due. The statute has run against the calls represented by the draft, but not against those subsequently made. There is nothing in the facts of this case to distinguish it from *Hawkins* v. *Glenn*, 131 U. S. 319, 9 Sup. Ct. Rep. 739, wherein it is held that statutes of limitation do not commence to run as against subscriptions to stock payable as called for, until a call or its equivalent has been had and default thereunder has arisen. Each call, lawfully made, creates a distinct cause of action against the several stockholders, and a refusal to pay one call does not set the statute running against the liability for the portion of the stock remaining uncalled for. The judgment of the circuit court is affirmed on all the questions presented by the writs of error sued out by both plaintiff and defendant below.