ATLAS DISTILLING CO. v. RHEINSTROM et al.

(Circuit Court of Appeals, Seventh Circuit. April 16, 1898.)

No. 469.

1. **APPEAL AND ERROR—ASSIGNMENT OF ERROR.**
    An assignment that the court erred in admitting in evidence a certain pa-, per "as set forth in bill of exceptions" is not good because it does not, as required by rule 11 of the circuit court of appeals, contain a statement of the full substance of the document referred to.

2. **SAME—EVIDENCE.**
    Where a document objected to was offered "together with other evidence in depositions and of witnesses examined on the trial in open court showing the same matters," and it does not appear that concerning those matters inconsistent or conflicting evidence was offered, the error in admitting such document was not of sufficient importance to justify a reversal.

3. **SAME—MOTION FOR NEW TRIAL.**
    Where a case at law is submitted to the court without a jury, and judgment is given upon a general finding, the overruling of a motion for a new trial is a matter of discretion, which cannot be reviewed.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

Isaac J. Levinson, for plaintiff in error.
Geo. T. Page, for defendants in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The defendants in error sued the Atlas Distilling Company in assumpsit. Trial by jury was waived by stipulation in writing, and the court, upon a general finding, gave judgment in the sum of $2,330.25 in favor of the plaintiffs. The plaintiff in error urges only the first and fifth specifications of error, which are to the effect, first, that the court erred in admitting in evidence a certified copy of Form 52 A and B, furnished by the internal revenue collector, "as set forth in bill of exceptions," and, fifth, that the court erred in overruling the motion for new trial and rendering judgment upon the finding. Neither of these specifications is available. The first is not good because it does not, as required by rule 11 of this court (21 C. C. A. cxii., 78 Fed. cxii.), contain a statement of the full substance of the document referred to. See U. S. v. Indian Grave Drainage Dist., 85 Fed. 928; Sladden v. Insurance Co., 86 Fed. 102. If a reference to the bill of exceptions for the entire document were enough, the rule would be meaningless. In this instance, if the error alleged were conceded and were well assigned, it would not be of sufficient importance to justify a reversal of the judgment, even if in itself not purely technical, because of the statement in the bill of exceptions that the document objected to was offered "together with other evidence in

depositions and of witnesses examined on the trial in open court, showing the same matters." It does not appear that concerning those matters inconsistent or conflicting evidence was offered.

In respect to the other specification it is enough to refer to the well-settled rule that in a case at law, submitted to the court for trial without a jury, when judgment is given upon a general finding, the review on a writ of error can extend only to the rulings of the court during the progress of the trial, and that the overruling of a motion for a new trial, whether the verdict be general or special, is ordinarily a matter of discretion, which cannot be reviewed. The judgment below is affirmed.