UNION PAC. R. CO. v. LAUGHLIN (two cases).

(Circuit Court of Appeals, Eighth Circuit.   August 20, 1917.)

Nos. 4730, 4731.

APPEAL AND ERROR ☞1008(2)—REVIEW—ACTION TRIED TO.COURT.

A general finding by the court in an action at law, in which a jury was waived by stipulation pursuant to Rev. St. § 649 (Comp. St. 1916, § 1587), is conclusive upon all questions of fact, and the judgment thereon is reviewable only for errors of law committed during the trial and to which exception was duly reserved.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action at law by one Bisbiroulis against the Union Pacific Railroad Company.   From a judgment in favor of L. A. Laughlin, petitioner, defendant brings error.   Appeal dismissed.

R. E. Watson, of Kansas City, Mo. (R. W. Blair, of Topeka, Kan., and Watson, Gage & Watson, of Kansas City, Mo., on the brief), for appellant and plaintiff in error.

C. R. Pence, of Kansas City, Mo., for appellee and defendant in error.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge.   A Greek by the name of Bisbiroulis was employed by an employment agency at Kansas City as one of a gang of laborers to work for the defendant, the Union Pacific Railroad Company.   After some months of employment he was set to work upon a new cut-off line from Hastings to Gibbon, Neb.   This line was being built by a subordinate company, known as the Hastings & Northwestern Railroad Company.   That corporation, however, was simply an agency of the Union Pacific for building the line.   Its officers were all officers of the Union Pacific, with the exception of the treasurer. While thus employed, Bisbiroulis met with an accident by a rail falling upon his leg, crushing it so as to require amputation.   By a written power of attorney he employed L. A. Laughlin, the defendant in error (petitioner below), to prosecute his claim for damages against the Union Pacific Railroad Company.   The present action was brought for that purpose in the state court at Kansas City, Mo., and removed by the defendant into the federal court.   Thereafter a settlement was effected with the plaintiff, without the knowledge of his attorney, by claim agents in the employ of the Union Pacific, for the sum of $1,700. This settlement was made in the name of the Hastings & Northwestern Railroad Company, and the draft for $1,700 was on the treasurer of that company, but the voucher accompanying it is approved by the auditor of the Union Pacific Company.   The release signed by Bisbiroulis in person contains this language:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Received of Hastings & Northwestern Railroad Company $1,700 in full settlement and complete satisfaction of all claims and causes of action against it growing out of any matter whatsoever, and particularly in full settlement and complete satisfaction of all claims or causes of action, that exist or may hereafter accrue, against it *or any other company,* * * * for damages for any and all personal injuries, or loss or damage to property sustained in or growing out of a certain accident. * * * Said accident occurred on the 7th day of March, 1913, at or near Gibbon, Nebraska, and consisted in being injured while employed as a laborer in extra gang No. 4."

This release clearly identified the cause of action upon which the suit against the Union Pacific was based. The attorneys for that company presented the release in court and asked for a dismissal of the action.

Going back now for a moment to the power of attorney signed by Bisbiroulis employing Laughlin, it contains the following language:

"As compensation for his services I agree to give said attorney 50 per cent. of whatever he obtained in settlement of my said claim either by suit or compromise. And in case I shall settle or compromise otherwise than through said attorney, he shall be entitled to a fee equal in amount to that received by me."

In response to the motion to dismiss, Laughlin filed a petition in court alleging that the settlement had been made fraudulently in the name of the Hastings & Northwestern Railroad Company for the purpose of defrauding him out of his fees as attorney, and that the Hastings & Northwestern Railroad Company was a subsidiary corporation of the defendant having the same officers, and that that company acted in collusion with the defendant in effecting the settlement on its behalf for the above-mentioned fraudulent purpose. He prayed a judgment against the Union Pacific Railroad Company for $1,700. The defendant filed an answer containing a general denial, and further alleging that Bisbiroulis was at the time of his injuries working for the Hastings & Northwestern Railroad Company, and that that company compromised and settled the claim for $1,700, and alleging that Bisbiroulis' injuries occurred in Nebraska, and that the settlement was made there, and that the law of that state as to the settlement and attorney's fees ought to control, and prayed that Laughlin's complaint be dismissed. The issue thus formed presents the only controversy that was before the trial court.

A stipulation in writing was filed waiving a jury. Evidence was introduced by Laughlin in support of his petition. At its conclusion defendant demurred to the evidence and excepted to the order of the court overruling the demurrer. The defendant then offered evidence on its own behalf, which upon elementary principles amounted to a waiver of the exception just taken. At the conclusion of the entire evidence the demurrer was not renewed, nor was any motion or request for findings of fact or declarations of law made, which would afford a basis for the errors that have been assigned in this court. The cause was submitted. The court made a general finding of the issues in favor of Laughlin, and entered a judgment at law in his behalf for $850. The railroad company has not only sued out a writ of error to review that judgment, but has also taken an appeal for the same purpose. Clearly the appeal should be dismissed. The proceeding was

purely legal, and the judgment was also of that character. Under some circumstances the right and suit would be equitable; but upon the pleadings and evidence shown by this record it was legal, for the enforcement of a purely pecuniary liability.

The general finding by the court is conclusive upon all questions of fact. The bill of exceptions contains no errors of law in the course of the trial to support the errors that have been assigned here. Upon principles that have been asserted so frequently by this court as not to require discussion, the judgment must therefore be affirmed. Mason v. United States, 219 Fed. 547, 135 C. C. A. 315; Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622.

The appeal is dismissed.