## HAMMERT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 20, 1926.)

No. 6646.

**1. Criminal law ⊜1178.**

An assignment of error, complaining of overruling of demurrer to indictment, but not argued, is waived.

**2. Indictment and information ⊜110(3).**

Indictment for having presented for payment and approval false claims against government, in substantially the language of Criminal Code, § 35, as amended by Act Oct. 23, 1918, *held* sufficient (Comp. St. § 10199).

**3. Criminal law ⊜1059(2).**

General exception "to each and every charge made by the court, to save the record," *held* insufficient to raise any question for review.

**4. Criminal law ⊜1044.**

In absence of motion for instructed verdict, Circuit Court of Appeals will not decide sufficiency of evidence to support verdict, unless satisfied that there has been a miscarriage of justice.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

B. W. Hammert was convicted of unlawfully making and presenting for payment and approval false, fictitious, and fraudulent claims against the United States, and he brings error. Affirmed.

Warren K. Snyder, of Oklahoma City, Okl., and Henry W. Morgan, of Anadarko, Okl. (Morgan & Osmond, of Anadarko, Okl., on the brief), for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl.

Before SANBORN, STONE, and KENYON, Circuit Judges.

KENYON, Circuit Judge. Plaintiff in error was convicted in the United States District Court for the Western District of Oklahoma on both counts of an indictment charging the violation of the Act of Congress of October 23, 1918, amendatory of section 35 of the Criminal Code of the United States (40 Stat. 1015; Comp. St. Ann. Supp. 1919, § 10199).

The first count charged that plaintiff in error knowingly, willfully, unlawfully, feloniously, and fraudulently made and presented for payment and approval to the designated officer, who was authorized to approve and pay claims presented to the government of the United States, a false, fictitious and fraudulent claim, to wit, for 1,500 locust fence posts alleged to have been delivered to the government of the United States, but which in fact were not. Plaintiff in error received the pay for said supposedly furnished material. The second count was practically of the same nature, except that it was based on a different voucher for different material, and related to a certain alleged sale of meat to the government.

Plaintiff in error was sentenced on the first count to be imprisoned in the Comanche county jail at Lawton, Okl., for a period of 10 months and to pay a fine of $100. The same sentence was adjudged as to count 2, and it was provided that both sentences should run concurrently. The assignment of errors raises many questions, not all of which are argued.

[1, 2] Plaintiff in error demurred to the indictment on the ground that it did not sufficiently state the crime. The demurrer was overruled. Proper exception was taken thereto. No request was made for a bill of particulars. The indictment seems to charge the offense practically in the language of the statute and very plainly. This assignment of error is not argued—consequently waived. In any event, we are satisfied the indictment was entirely sufficient. Dimmick v. United States, 116 F. 825, 54 C. C. A. 329; Bridgeman v. United States, 140 F. 577, 72 C. C. A. 145; Dierkes v. United States (C. C. A.) 274 F. 75.

[3] Twelve of the assignments relate to alleged errors in the instructions of the court. The record seems to be barren of proper exceptions to the instructions. Counsel stated, after the same were given: "We save exceptions to each and every charge made by the court, to save the record." One specific exception was taken by counsel to the definition by the court, or explanation to the jury by the court, of what generally constitutes a fraudulent and fictitious account and claim. The latter question is not argued in this court. The general exception to each and every

charge made by the court is entirely insufficient to raise any question for consideration in this court.

No instructions whatever were requested by plaintiff in error; no such exceptions taken to the instructions given as would present to the trial court an opportunity to make correction, if desirable, of any statements in the charge or to give further instructions. This disposes of the assignments of error with relation to erroneous instructions. Roberts v. United States (C. C. A.) 283 F. 960; Robilio et al. v. United States (C. C. A.) 291 F. 975; Deupree v. United States (C. C. A.) 2 F.(2d) 44; Greenberg v. United States (C. C. A.) 297 F. 45; Ryan et al. v. United States (C. C. A.) 283 F. 975.

[4] Counsel for plaintiff in error urge very strenuously that the evidence was not sufficient to sustain the verdict. There was no motion made for an instructed verdict on this or any other ground, and this court has held many times that it will not decide the question of the sufficiency of the evidence, in the absence of a request for an instructed verdict, unless satisfied there has been a miscarriage of justice. Feinberg v. United States (C. C. A.) 2 F.(2d) 955, and cases there cited.

Some questions are raised by assignments of error as to the introduction of certain evidence and the refusal to permit other evidence to be introduced. We find no exception in the record to these respective matters, and in any event we are satisfied there was no prejudicial error in the admission or rejection of the particular evidence referred to.

Counsel for plaintiff in error, in its reply brief, seem to concede that the record is deficient as to the requirements necessary to command the attention of this court, and ask that the court follow the doctrine announced in Edwards v. United States (C. C. A.) 7 F.(2d) 357, and exercise its inherent power to consider the sufficiency of the evidence to warrant conviction of the crime charged, even though the question was not properly raised in the trial court. We are satisfied, from our examination of the evidence, that this is not a case calling for the exercise of that power. The vital propositions of fact were disputed, and there was substantial evidence in support of the government's contentions.

The judgment of the trial court is affirmed.