FULLER PROCESS CO. v. TEXAS CO.

(Circuit Court of Appeals, Eighth Circuit.
November 10, 1926.)

No. 7055.

1. Appeal and error ⊜846(5)—In absence of request for findings of fact or conclusions of law, alleged errors in admission or exclusion of evidence only were reviewable.

Where evidence was conflicting, and court made general finding for defendant, only matters reviewable by Circuit Court of Appeals, in absence of request for findings of fact or conclusions of law in trial court, were alleged errors as to admission or exclusion of evidence.

2. Appeal and error ⊜248—Exceptions must be saved or alleged errors will not be reviewed.

Assignments of error not saved by exceptions in trial court will not be considered by Circuit Court of Appeals.

3. Evidence ⊜471(30)—Testimony as to whether particular person was agent held properly extended as conclusion of witness.

Objection to testimony as to whether certain person was acting as defendant's agent in relations with plaintiff *held* properly sustained, as calling for conclusion of witness.

4. Appeal and error ⊜1058(1)—Exclusion of testimony subsequently admitted held not prejudicial.

Exclusion of testimony was not prejudicial, where it was subsequently fully admitted.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by the Fuller Process Company against the Texas Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Thomas H. Reynolds, of Kansas City, Mo. (Samuel W. Sawyer and John H. Lathrop, both of Kansas City, Mo., on the brief), for plaintiff in error.

Rhodes E. Cave, of St. Louis, Mo. (P. Taylor Bryan and Thomas S. McPheeters, both of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN, STONE, and KENYON, Circuit Judges.

STONE, Circuit Judge. This is a writ of error from an action on contract against an undisclosed principal. A jury was waived and judgment entered for defendant from which plaintiff below brings this writ of error by counsel who did not try the case below.

[1] No request for findings of fact or declaration of law were made by either party and it is conceded that as to substantial issues, there was conflicting testimony. The court made a general finding for defendant. Therefore, there is nothing presented here which this court can review except alleged errors as to introduction or exclusion of testimony. Allen v. Cartan & Jeffrey Co., 7 F. (2d) 21, where Judge Sanborn, of this court, has stated the rule and collected the recent supporting authorities.

[2] Under the third heading of plaintiff in error's brief, page 17, it presents three questions of exclusion of testimony. The first is covered by assignment 5 and the matter involved in that assignment is found on page 155 of the record. It shows no exception to the ruling of the court. The second matter is covered by the second paragraph of the seventh assignment and the matter involved is found on page 214 of the record. There is no objection nor exception to the ruling of the court. The third matter is covered by the sixth assignment and refers to the exclusion of a letter written by Mr. Kershaw to plaintiff dated February 11, 1918. There is no reference to the place in the record where this exhibit may be found and we have been unable to find it after a careful reading of the testimony of Mr. Kershaw and of the index to the transcript. We do find that this exhibit was marked for identification on page 165 of the record and was offered by its exhibit title on page 166. There is no exception to the exclusion of this exhibit. Under long-settled and salutary appellate practice, we cannot consider the above matters because no exceptions to the action of the trial court was preserved. Several of the latest cases in this court upon that point are Allen v. Cartan & Jeffrey Co., 7 F.(2d) 21, 23; St. Clair v. United States, 12 F.(2d) 376, 378; Hood v. United States, 14 F.(2d) 925; Hammert v. United States, 14 F.(2d) 827; C., M. & St. P. Ry. Co. v. Harrelson, 14 F.(2d) 893.

[3, 4] At the oral argument, counsel presented and argued another matter of exclusion of evidence. This is covered by the eighth assignment and the matter involved in the assignment is found on page 559 of the transcript. It is as follows:

"Q. I will ask you, Mr. Nesbitt, was John Baker, Jr., acting as the agent of the Texas Company in his relations with the Fuller-Stow Company?

Mr. Ely: Objected to as calling for the conclusion of the witness.

"The Court: Sustained.

"To which ruling of the court the plaintiff, by its counsel, then and there, at the time, duly excepted."

While an exception was taken to the rul-

ing sustaining the objection to the question, there are two reasons why it is of no avail to plaintiff in error. The first of these is, that the question called for a conclusion, as stated in the objection, and not for a fact. The second is, that the question was answered, as is shown by what immediately followed the proceedings just quoted. The following part is:

"A. I can give you my opinion. Your question necessarily calls for a conclusion.

"Q. Give us your conclusion, or opinion, as you call it. A. It was my opinion that he was not."

It is clear that the evidence sought by the question to which objection was sustained was fully given thereafter and remained in the record. Therefore, no prejudice could have resulted from the ruling on the question.

The judgment must be and is affirmed.