## DENVER LIVE STOCK COMMISSION CO. et al. v. LEE et al. *

(Circuit Court of Appeals, Eighth Circuit. March 17, 1927.)

No. 7435.

1. **Exceptions, bill of** ⊜⇒13—Where plaintiffs in error, subsequent to filing bill of exceptions containing transcript of testimony, filed bill in narrative form, it will not be stricken.

Where plaintiffs in error, after filing bill of exceptions consisting of transcript of testimony and proceedings, subsequently filed another bill setting forth the testimony in narrative form in accordance with requirements, bill will not be stricken from record, on ground that it did not constitute a proper bill of exceptions.

2. **Exceptions, bill of** ⊜⇒38—Order allowing bill of exceptions in case tried at May term held effectual, when made before November term, although terms of other districts intervened (Judicial Code, § 73, as amended by Act June 12, 1916 [Comp. St. § 1058]).

Order allowing bill of exceptions in case tried in Denver district at May term *held* not ineffectual, when made before beginning of November term, although terms of different districts, in accordance with Judicial Code, § 73, as amended by Act June 12, 1916 (Comp. St. § 1058), had intervened, since, under reasonable construction of statute, Denver May term terminates only with the commencement of its November term, unless terminated sooner by order of court.

3. **Exceptions, bill of** ⊜⇒38—Bill of exceptions, not allowed within term, cannot be considered.

Bill of exceptions, which was not approved or allowed within term, cannot be considered.

4. **Courts** ⊜⇒405(14)—Circuit Court of Appeals may permit case to be docketed after time required by rule (Circuit Court of Appeals rule 16).

Court may permit docketing of case after time required by Circuit Court of Appeals rule 16.

*Rehearing denied May 24, 1927.

**5. Appeal and error ⬅═1078(1)—Assignments of error not argued in brief are waived.**

Questions raised by assignments of error but not argued in brief are waived.

**6. Appeal and error ⬅═219(2)—Sufficiency of evidence cannot be considered, absent request for specific findings before submission of case tried to court (Comp. St. § 1672).**

Questions of sufficiency of evidence cannot be considered where there was no request for specific findings of fact and declarations of law before case was submitted to court sitting without jury, in view of Rev. St. § 1011 (Comp. St. § 1672), forbidding reversal on special findings of fact by court in action at law tried without a jury.

**7. Trover and conversion ⬅═16—Plaintiff in action for conversion must recover on strength of own title.**

In action for conversion of personal property, plaintiff must recover on strength of his own title, without regard to weakness of that of adversary.

**8. Chattel mortgages ⬅═229(1)—Mortgagee of chattels may maintain action for conversion thereof.**

A mortgagee of chattels with present right of possession may maintain action for wrongful conversion of mortgaged property.

**9. Chattel mortgages ⬅═225(2)—Purchaser converting property covered by mortgage forbidding mortgagor to sell or dispose thereof is liable to mortgagee.**

Where mortgage provides that mortgagor shall not sell or dispose of property or reserves to mortgagee right to take possession if sale is made without his consent, purchaser with notice, who converts property to his own use, is liable to mortgagee for conversion.

**10. Chattel mortgages ⬅═229(2)—Complaint for conversion of cattle, claimed by virtue of chattel mortgage set forth in complaint, held sufficient as against general demurrer.**

Complaint for conversion of cattle, claimed by virtue of chattel mortgage set forth in complaint, *held* sufficient as against general demurrer, as showing that plaintiffs claimed a special property in cattle converted by virtue of mortgage, failure to allege that mortgagor was owner of property being immaterial, where copy of mortgage attached to complaint showed such fact.

**11. Pleading ⬅═32—Setting forth copy of chattel mortgage and acknowledgment in complaint held sufficient allegation of acknowledgment thereof.**

Setting forth copy of chattel mortgage and acknowledgment thereof in complaint in action for conversion of cattle covered by mortgage *held* sufficient allegation of acknowledgment of chattel mortgage.

**12. Appeal and error ⬅═969—Discretion of court in denying request for special findings in action tried without jury will not be disturbed.**

Trial court *held* not to have erred in denying request for special findings in case tried without a jury, since making special findings of fact is discretionary with trial court, and its action thereon is not subject to exception or subsequent review in appellate court.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action by L. T. Lee and another, a copartnership, doing business under the firm name and style of Lee & Shay, against the Denver Live Stock Commission Company and another. Judgment for plaintiffs, and defendants bring error. On motion to strike out bill of exceptions and dismiss the writ of error. Motion denied, and judgment affirmed.

Norton Montgomery, of Denver, Colo. (Leslie E. Greene, Gerald Hughes and C. C. Dorsey, all of Denver, Colo., on the brief), for plaintiffs in error.

Ray E. Lee, of Cheyenne, Wyo. (Corbin E. Robison and Lewis G. Johnson, both of Ft. Morgan, Colo., on the brief), for defendants in error.

Before KENYON, Circuit Judge, and SCOTT and SANBORN, District Judges.

JOHN B. SANBORN, District Judge. The defendants in error have moved to strike out the bill of exceptions in this case and to dismiss the writ of error. The case was tried in Denver, and on August 14, 1925, a general finding was made in favor of the defendants in error, and judgment was entered. A writ of error was allowed, and the citation issued November 14, 1925, returnable on January 13, 1926. On January 30, 1926, the District Judge entered an order extending the time for filing the record and docketing the proceedings in error for a period of 60 days. On March 5, 1926, another order was made extending the time to May 1, 1926. The record was docketed in the Circuit Court of Appeals on April 16, 1926. The first bill of exceptions was allowed by the court on the 28th day of October, 1925, and consisted of a transcript of the testimony and proceedings. On March 5, 1926, another bill of exceptions, in which the testimony was set forth in narrative form, was approved. The defendants in error object to the first bill of exceptions, on the ground that it did not constitute a proper bill under the decision in Marr v. United States (C. C. A.) 8 F.(2d) 231, and on the further ground that it was not approved and allowed at the same term of court at which the judgment was entered.

[1] While a complete transcript of the testimony and proceedings upon a trial is not

a true bill of exceptions (Marr v. United States, supra; Linn v. United States [C. C. A.] 251 F. 476, 483) it does contain everything necessary to a determination of the questions sought to be reviewed. The trouble with it is that it ordinarily contains a great mass of matter which has no bearing upon the errors assigned, and which is of no benefit to any one except the printer. In this particular case, the transcript of testimony is not particularly voluminous, and counsel for the plaintiffs in error, after the decision in the case of Marr v. United States, supra, was published, did what they could to comply with the wishes of this court, as therein expressed, by preparing and having allowed as a bill of exceptions a transcript of the testimony and proceedings in narrative form, eliminating unessential matters. We see no justification for striking this bill from the record.

Section 73 of the Judicial Code, as amended by the Act of June 12, 1916, c. 143 (section 1058, U. S. Compiled Statutes), provides: "The state of Colorado shall constitute one judicial district, to be known as the district of Colorado. Terms of the District Court shall be held at Denver on the first Tuesday in May and November; at Pueblo on the first Tuesday in April; at Grand Junction on the second Tuesday in September; at Montrose on the third Tuesday in September, and at Durango on the fourth Tuesday in September."

[2] After judgment in this case was entered and before the bill of exceptions was allowed, terms at Grand Junction, Montrose, and Durango had intervened. The claim of the defendants in error is that, for that reason, the May term at Denver had terminated before October 28, 1925, and the order of that date, allowing the bill of exceptions, was ineffectual. This contention cannot be sustained. If it was correct, the term at Pueblo, which commences on the first Tuesday in April, would terminate the first Tuesday in May with the commencement of the Denver term; that term would terminate on the second Tuesday in September, when the term at Grand Junction begins; and that term would end one week later with the beginning of the term at Montrose, which would also be only a one-week term, because of the term at Durango on the fourth Tuesday in September. Under a reasonable construction of the statute, the term of the District Court which commences at Denver on the first Tuesday in May terminates with the commencement of the November term at Denver on the first Tuesday of that month, unless it

be sooner terminated by an order of the court. Harlan v. McGourin, 218 U. S. 442, 450, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; East Tennessee Iron & Coal Co. v. Wiggin (C. C. A.) 68 F. 446, 447; Ex parte Harlan (C. C.) 180 F. 119, 132; In re Stevenson (C. C.) 125 F. 843, 848. It is therefore apparent that the first bill of exceptions was filed and allowed at the same term of court at which the judgment was entered.

[3] The second bill of exceptions, which was not approved or allowed until March 5, 1926, was not within the term, and, for that reason, cannot be considered as the bill in this case.

[4] As to the claim that the record was not docketed in accordance with rule 16 of this court, it has been held that the court may permit the docketing of a case after the time required by this rule. Midland Terminal Ry. Co. v. Warinner (C. C. A.) 294 F. 185. While the situation here presented might justify the court in doing what it is asked to do by the defendants in error, we are of the opinion that we have jurisdiction to consider the questions presented on this writ of error, and that the motion to dismiss should be denied.

This action was commenced in the District Court of the state of Colorado for the county of Denver, by the defendants in error —who will be hereinafter referred to as plaintiffs—against the plaintiffs in error, as defendants, for the purpose of recovering the value of 19 steers and 17 cows, which were of the value of $3,230.56, and which the plaintiffs claim the defendants had converted. The case was removed to the United States District Court for the District of Colorado. There was a general demurrer to the complaint, which the court overruled. Issues were joined, a jury was waived, the case was tried to the court, and on August 14, 1925, a general finding was made in favor of the plaintiffs and against the defendants, and judgment was entered thereon.

[5] There are 21 assignments of error, but the only questions argued in the brief relate to: (1) The overruling of the demurrer. (2) The sufficiency of the evidence to justify the conclusion that the cattle sold on July 29, 1919, were cattle covered by the mortgage of the plaintiffs; that the defendants had notice of that fact; and that the indebtedness secured by the chattel mortgage has not been paid. (3) The refusal of the court to make special findings of law and fact as requested. The other questions raised by the assignments of error are therefore waived.

Braden v. United States (C. C. A.) 270 F. 441, 442; Weare v. United States (C. C. A.) 1 F.(2d) 617, 618; Apt v. United States (C. C. A.) 13 F.(2d) 126, 127; Daniel v. Pappas, 16 F.(2d) 880.

[6] The questions as to the sufficiency of the evidence cannot be considered, because the defendants failed, before the case was submitted, to make a request for specific findings of fact and declarations of law in their favor. The record shows that, after both sides had finally rested, the case was argued orally to the court. The record then recites:

"After the close of the evidence and the arguments of counsel in the within entitled cause, the court took the case under advisement and permitted the respective counsel to make additional argument by way of briefs; that pending the consideration of said case by the court, and at the time the brief for defendants was filed, the defendants made written request for findings of law and fact, said request being filed with the clerk of the court, and which, omitting the caption and title, is in words and figures as follows:

" '[Request of Defendants for Findings of Law and Fact.]

" 'Come now the above-named defendants, the Denver Live Stock Commission Company and Swift & Co., and hereby request the court that, in rendering and making its judgment in the above-entitled cause, which has been submitted to the court, said court make specific findings of law and fact upon the following issues included in said cause as follows:

" 'Findings of Law.

" '(1) As to whether or not said complaint in said cause states facts sufficient to constitute a cause of action against the defendants, the Denver Live Stock Commission Company and/or Swift and Company.

" '(2) As to whether or not the complaint in said cause or the pleadings in said cause are sufficient to show that the mortgagor, Oliver Gerkin, in said action was the owner of the cattle involved at the time the said mortgage was given.

" '(3) As to whether or not there was a misjoinder of parties defendant in said cause.

" '(4) As to whether or not the note for which the mortgage of April 30, 1919, was given to secure, has been paid.

" '(5) As to whether as a matter of law the description contained in said mortgage of April 30, 1919, is a legal description of the cattle attempted in said mortgage to be described, and further, as to whether or not the brand contained in said mortgage is the same brand as the evidence shows was the brand of said Oliver Gerkin.

" 'Findings of Fact.

" '(1) Is it shown by the evidence how many cattle belonged to Oliver Gerkin at the time of giving of the mortgage of April 30, 1919, and which were located at his ranch or near his ranch east of Deer Trail, in Arapahoe county, Colorado, and, if so, how many?

" '(2) Does the evidence show the number of cattle owned by the said Oliver Gerkin in the same locality or vicinity as referred to in the provision requested branded with the brand $\frac{Z}{O}$?

" '(3) As to whether or not the note, Plaintiffs' Exhibit B, has been paid prior to the commencement of this action.

" '(4) As to whether or not the description given in said mortgage of April 30, 1919, compares with the description attempted to be proved by the plaintiffs as to certain cattle shipped from Deer Trail, to Denver, and reaching Denver on July 29, 1919.' "

It will be noted that this is merely a request for special findings. It is not a request that the court find in any particular way upon any particular issue. This court has many times set forth what it is necessary for counsel to do in the trial of a jury-waived case in order to preserve the right to have reviewed the question of the sufficiency of the evidence to support the finding or findings of the trial court. In the case of Allen, Collector of Internal Revenue, v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21, 22, this court said, quoting from the former decision in Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63:

"They invite this court, in other words, to retry this case and to determine whether or not, under the applicable law the weight of the evidence sustains the finding and judgment. But the case was tried by the court below without a jury, and its decision of that issue is not reviewable in this court. It is, like the verdict of a jury, assailable only on the ground that there was no substantial evidence in support of it, and then it is reviewable only when a request has been made to the trial court before the close of the trial that it adjudge, on the specific ground that there was no substantial evidence to sustain any other conclusion, either all the issues or some specific issue *in favor of the requesting par-*

*ty.* No such request was made in this case, and the specifications of error, therefore, present no question reviewable by this court. When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011; U. S. Compiled Stat. 1913, § 1672, p. 700), and a finding of fact contrary to the weight of the evidence is an error of fact."

See Hirning v. Live Stock Nat. Bank (C. C. A.) 1 F.(2d) 307; Highway Trailer Co. v. City of Des Moines (C. C. A.) 298 F. 71; United States v. A., T. & S. F. Ry. (C. C. A.) 270 F. 1; Mason v. United States (C. C. A.) 219 F. 547; Union Pacific v. Laughlin (C. C. A.) 245 F. 544; Seep v. Ferris-Haggarty Copper Mining Co. et al. (C. C. A.) 201 F. 893; Humphreys v. Third Nat. Bank (C. C. A.) 75 F. 852; McClay v. Fleming (C. C. A.) 271 F. 472; Stoffregen v. Moore (C. C. A.) 271 F. 680; Gartner v. Hays (C. C. A.) 272 F. 896; Pennok Oil Co. v. Roxana Petroleum Co. (C. C. A.) 289 F. 416; Fleischmann Construction Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

The only questions, then, which we are at liberty to consider in this case are: (1) Was it error to overrule the demurrer to the complaint? (2) Was it error for the court to refuse to make special findings, as requested?

The complaint alleges: That on April 30, 1919, Oliver Gerkin gave his note to the plaintiffs for $20,778.65, payable in six months, with interest at 8 per cent. per annum. That to secure its payment, he made, executed and delivered a chattel mortgage on the same day, which was filed for record in the office of the county clerk and recorder of Arapahoe county, Colorado, on May 7, 1919, and recorded in Book 121, page 69, of the records of that county. That the mortgage is as follows: (Here the complaint sets out in full a copy of the chattel mortgage, covering 402 head of cattle, with their description, containing a provision giving the mortgagees the right to take possession of the cattle "in case of sale or disposal or attempt to sell or dispose or failure to properly feed, shelter and care for the said chattel hereby mortgaged, or a removal of or attempt to remove the same from the county aforesaid, or any unreasonable depreciation in value, or if, for any other cause, the security shall become inadequate or the party of the second part shall deem itself insecure," and a further provision that the mortgagor represents himself to be the owner of the cattle and that the same are in his possession at the place described in the mortgage—the Oliver Gerkin ranch, 16 miles east of Deer Trail, Colorado—together with a copy of the acknowledgment before a notary public.)

The complaint further alleges: That while the mortgage was in effect, on July 29, 1919, and without the consent of the plaintiffs, Oliver Gerkin sold to the defendant, the Denver Live Stock Commission Company, 17 cows and 19 steers covered by the mortgage, of the value of $3,230.56, which, without the consent of the plaintiffs and while the mortgage was in effect, were purchased by the defendant Swift & Co. That the defendants converted the cattle and their proceeds to their own use, and "that, at the time of said conversion, the plaintiffs had a valid and subsisting mortgage upon said cattle, and that the plaintiffs are now the owners of said note and mortgage above set forth, and that there was at the time of said conversion and now is an indebtedness owing upon said note and mortgage by Oliver Gerkin, a sum in excess of ten thousand ($10,000) dollars." That the plaintiffs did not learn of the conversion until long after the cattle were sold. That demand has been made upon the defendants, and they have refused to pay. That, at the time of the sale, defendants had full notice and knowledge of the plaintiffs' chattel mortgage and their interest in the cattle.

It is admitted, then, by the demurrer, that at the time the defendants converted the cattle the plaintiffs were the owners of a chattel mortgage upon them to secure the payment of a promissory note, upon which there remained due a balance of $10,000; that the defendants had notice and knowledge of this mortgage when they converted the cattle and of the plaintiffs' interest in the cattle by virtue thereof; that the cattle were sold by Gerkin, the mortgagor, to one of the defendants, who sold to the other defendant; that the mortgage contained a recital that the mortgagor was the owner of the cattle and gave the plaintiffs a right to possession if the cattle were sold or removed from the county; that, when the conversion took place, the mortgage was valid and subsisting; and that the defendants have refused to pay to the plaintiffs the value of the cattle converted.

[7, 8] The position of the defendants is that the complaint nowhere states that the mortgagor owned the cattle when he made the mortgage, or that the plaintiffs owned them

or had the immediate right to possession of them when they were converted. It is true that, in an action for the conversion of personal property, the plaintiff must recover on the strength of his own title, without regard to the weakness of that of his adversary, and that he must show that he has either a general or special property in the thing converted and the right to its possession at the time of the alleged conversion. 26 R. C. L. 1131. It is also true that a mortgagee of chattels, with a present right of possession, may maintain an action against a wrongdoer for the conversion of the mortgaged property. 26 R. C. L. 1136; 11 C. J. 630.

[9] Where a mortgage provides that the mortgagor shall not sell or dispose of the property, or reserves to the mortgagee the right to take possession if a sale is made without his consent, a purchaser, with notice, who converts the property to his own use, is liable to the mortgagee for the conversion. 11 C. J. 630; 5 R. C. L. 472. The copy of the mortgage set forth in the complaint here, recited that the mortgagor was the owner of the property and gave to the plaintiffs the immediate right to possession in case the property was sold or removed.

"When a copy of the mortgage attached to the complaint showed that the mortgagor was the owner of the property, the failure to allege such fact was not fatal, as against a demurrer and an objection to evidence, there being no motion to make the petition more definite and certain." 11 C. J. 636; Farmers', etc., Nat. Bank v. Gann, 95 Kan. 237, 148 P. 249. See, also, Brunswick-Balke-Collender Co. v. Brackett, 37 Minn. 58, 33 N. W. 214; Eade v. First National Bank, 117 Or. 47, 242 P. 833, 43 A. L. R. 374; Adams & Frederick Co. v. South Omaha Nat. Bank (C. C. A.) 123 F. 641; Mastad v. Swedish Brethren, 83 Minn. 40, 44, 85 N. W. 913, 53 L. R. A. 803, 85 Am. St. Rep. 446.

[10] We think that, as against the general demurrer, the allegations of the complaint were sufficient to show that the plaintiffs claimed a special property in the cattle converted, by virtue of the chattel mortgage set forth in the complaint and to have the right to the immediate possession of these cattle when the defendants converted them.

[11] It is also claimed that the complaint did not sufficiently allege acknowledgment of the chattel mortgage. We see no merit to this contention. A copy of the instrument and the acknowledgment is set forth in the complaint. It is alleged that it was recorded, and it is also alleged that the defendants had notice and knowledge of it.

[12] The court did not err in denying the request of the defendants for special findings. "The making of special findings of fact in an action at law tried by the court on a waiver of a jury is discretionary with the trial court, and its action in making such findings, in refusing to make requested findings, or in refusing to amend findings made, is not subject to exception, or to a subsequent review in a federal appellate court. City of Key West v. Baer, 66 F. 440, 444, 13 C. C. A. 572; Berwind-White Coal Min. Co. v. Martin, 124 F. 313, 60 C. C. A. 27; Ætna Life Ins. Co. v. Board of County Commissioners of Hamilton Co., 79 F. 575, 576, 25 C. C. A. 94." United States v. A., T. & S. F. Ry. Co., supra, page 4; Pennok Oil Co. v. Roxana Petroleum Co., supra, page 419.

For the foregoing reasons, the judgment must be affirmed.