## LAHMAN et al. v. BURNES NAT. BANK OF ST. JOSEPH, MO.

Circuit Court of Appeals, Eighth Circuit.
July 20, 1927.

No. 7513.

**1. Appeal and error ⬳850(2)—Facts cannot be reviewed in action tried by court, with jury waived, where there was only general finding, and no request for other finding.**

In an action at law tried by the court alone, jury being waived, there being only a general finding for plaintiff, and no specific finding of facts, and none requested, and no motion for a general finding for defendant, and no request for a specific declaration of law, there can be no review of the facts, but only of rulings during the trial, exceptions to which were taken and duly requested.

**2. Appeal and error ⬳733—That judgment is contrary to law held insufficient assignment.**

An assignment of error that judgment is contrary to law is not reviewable.

20 F.(2d)—57

**3. Appeal and error ⬳850(3)—Memorandum opinion is not special finding of fact, within rule as to review in case tried with jury waived.**

A memorandum opinion cannot be taken as constituting a special finding of fact, within the rule as to review of facts in case tried by court with jury waived.

**4. Appeal and error ⬳273(9)—General exception to general finding and judgment thereon, presents nothing for review.**

Exception, noted at close of general finding and judgment thereon, "to which ruling defendant excepts," presents nothing for review.

**5. Appeal and error ⬳193(1)—Sufficiency of petition, not having been properly raised below, cannot be reviewed.**

Sufficiency of petition, not having been raised by demurrer, motion, request, or exception, cannot be considered and reviewed by the appellate court.

**6. Appeal and error ⬳931(5)—Exhibits in evidence are presumed to have been considered by trial court.**

It will be presumed that exhibits which were in evidence were considered by the trial court.

**7. Appeal and error ⬳728(2)—Assignment of error to admission of evidence not set out held too general, and not to satisfy court rule (Circuit Court of Appeals rule 11).**

Assignment that court erred in admitting evidence as to reliance of plaintiff on said alleged oral agreements is too general, and fails to comply with Circuit Court of Appeals rule 11; it not setting forth the evidence, in substance or at all.

**8. Appeal and error ⬳728(1)—Assignment of error to admission of evidence held not to comply with court rule, and so not to be considered (Circuit Court of Appeals rule 11).**

Assignment of error that the court further erred in admitting evidence of a similar conversation at certain place and time, for the reason that said evidence tended to prove an oral contract, etc., cannot be considered, because not complying with Circuit Court of Appeals rule 11.

**9. Appeal and error ⬳260(1)—Assignment to admission of evidence will not be considered, exception not having been saved.**

Where exception was not saved to overruling of objection to admission of evidence, assignment of error to admission of the evidence will not be considered.

**10. Appeal and error ⬳1054(1)—In court case, mere erroneous admission of evidence is not ground for reversal.**

Erroneous admission of evidence in an action tried without a jury is not of itself ground for reversal.

**11. Evidence ⬳262—Admitting conversation of director, without pointing out particular director, held not error.**

Admission of testimony of conversation with defendant's directors, over objection, merely, unless witness fixes the individual di-

rector, is not error; it not being material which director made the statement.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by the Burnes National Bank of St. Joseph, Mo., against Howard S. Lahman, receiver of the Farmers' & Merchants' National Bank and others. Judgment for plaintiff, and defendants bring error. Affirmed.

T. S. Allen, of Lincoln, Neb. (C. H. Denney, of Fairbury, Neb., on the brief), for plaintiffs in error.

E. W. Brown, of Lincoln, Neb. (E. J. Burkett, H. H. Wilson and R. P. Wilson, all of Lincoln, Neb., and John C. Landis, Jr., of St. Joseph, Mo., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

MOLYNEAUX, District Judge. This action is here on writ of error. The plaintiffs in error will be referred to hereafter as "defendants"; the defendant in error, as "plaintiff."

This is an action at law for the recovery of money only. A jury was waived and the cause was tried to the court. The court found generally for the plaintiff and noted in his findings, "to which ruling of the court defendants severally except." The court filed a memorandum opinion in the case. No special findings of fact were made by the court, nor were any such findings requested by the defendants. No demurrer was filed to test the sufficiency of the allegations of the plaintiff's amended petition, nor was any motion made for a general finding for the defendants, nor did the defendants in any manner seek to test the sufficiency of the allegations of the amended petition until after the entry of the final judgment. No proposition of law was presented to the court in any manner for its determination until after the entry of the judgment containing a general finding for the plaintiff.

[1] 1. The defendant challenges the affirmance of the judgment of the court below by assignments of error of which there are 17. In assignments 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 15, 16, and 17 defendant complains and assigns as error certain "findings" and "holdings" of the trial judge. In the absence of special findings as to matters of fact, and as to conclusions of law drawn by the court from the facts found, the general findings of the court are not open to review by an appellate court, except in so far as the rulings during the trial were excepted to and duly preserved by a bill of exceptions, as required by the statute. Fleischmann Co. v. U. S., 270 U. S. 349, 355, 46 S. Ct. 284, 70 L. Ed. 624, and cases therein cited. The rule was stated in Humphreys v. Third National Bank (C. C. A.) 75 F. 852, 855, as follows:

"When a party in the Circuit Court waives a jury, and agrees to submit his case to the court, it must be done in writing; and, if he wishes to raise any question of law upon the merits in the court above, he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and, if he wishes to except to the conclusions of law drawn by the court from the facts, he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits. A general finding in favor of the party is treated as a general verdict."

Again the rule is stated in Denver Live Stock Commission Co. et al. v. Lee et al., 18 F.(2d) 11, 15:

"When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Rev. Stat. § 1011; U. S. Comp. Stat. 1913, § 1672, p. 700), and a finding of fact contrary to the weight of the evidence is an error of fact"— citing Hirning v. Live Stock Nat. Bank (C. C. A.) 1 F.(2d) 307; Highway Trailer Co. v. City of Des Moines (C. C. A.) 298 F. 71; U. S. v. A. T. & S. F. Ry. (C. C. A.) 270 F. 1; Mason v. U. S. (C. C. A.) 219 F. 547; Union Pac. v. Laughlin (C. C. A.) 245 F. 544; Seep v. Ferris-Haggarty Copper Min. Co. et al. (C. C. A.) 201 F. 893; Humphreys v. Third Nat. Bank (C. C. A.) 75 F. 852; McClay v. Fleming (C. C. A.) 271 F. 472; Stoffregen v. Moore (C. C. A.) 271 F. 680; Gartner v. Hays (C. C. A.) 272 F. 896; Pennok Oil Co. v. Roxana Pet. Co. (C. C. A.) 289 F. 416; Fleischmann Const. Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

[2] An assignment that judgment is contrary to law is not reviewable. Ireton v. Penn. Co. (C. C. A.) 185 F. 84; Craig v. Dorr (C. C. A.) 145 F. 307; U. S. v. Gordin (C. C. A.) 9 F.(2d) 394; Smith v. Hopkins (C. C. A.) 120 F. 921; Humphreys v. Third Nat. Bank

of Cincinnati (C. C. A.) 75 F. 852; Chicago Terminal Trans. R. Co. v. Bomberger (C. C. A.) 130 F. 884; Liberty Oil Co. v. Condon Nat. Bank (C. C. A.) 271 F. 928; Pennok Oil Co. v. Roxana Pet. Co. (C. C. A.) 289 F. 416; Chicago, M. & St. P. Ry. v. Geo. A. Hormel & Co. (C. C. A.) 240 F. 381.

[3] A memorandum opinion of the court was filed in this case. Such opinion cannot be taken as constituting a special finding of fact within the above rule. Dickinson v. Planters' Bank, 16 Wall. 250, 21 L. Ed. 278; British Queen Min. Co. of Colo. v. Baker Silver Min. Co., 139 U. S. 222, 11 S. Ct. 523, 35 L. Ed. 147; Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 37 L. Ed. 373; Kentucky Life & Acc. Ins. Co. v. Hamilton (C. C. A.) 63 F. 93; York v. Washburn (C. C. A.) 129 F. 564; Craig v. Dorr (C. C. A.) 145 F. 307; U. S. v. Sioux City Stock Yds. Co. (C. C. A.) 167 F. 126; Keeley v. Ophir Hill Consol. Min. Co. (C. C. A.) 169 F. 598; Gibson v. Luther (C. C. A.) 196 F. 203; Java Cocoanut Oil Co. v. Pajaro Valley Nat. Bank (C. C. A.) 300 F. 305; Fleischmann Const. Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Swanson v. Continental Cas. Co. (C. C. A.) 12 F.(2d) 410; China Press v. Webb (C. C. A.) 7 F.(2d) 581; Nowata County Gas Co. v. Henry Oil Co. (C. C. A.) 269 F. 742; Stoffregen v. Moore (C. C. A.) 271 F. 680; Mason v. U. S. (C. C. A.) 219 F. 547; Mason v. Smith (C. C. A.) 191 F. 502; Nat. Bank of Com. v. First Nat. Bank (C. C. A.) 61 F. 809; Townsend v. Beatrice Cemetery Assn. (C. C. A.) 138 F. 381; Central Tr. Co. v. Fidelity Tr. Co. (C. C. A.) 282 F. 233; Highway Trailer Co. v. Des Moines (C. C. A.) 298 F. 71; City of Goldfield v. Roger (C. C. A.) 249 F. 39.

[4] At the close of the general finding for the plaintiff and judgment on such finding, the court notes the following exception: "To which ruling of the court defendants severally except." Such general exception, taken to the general findings and judgment of the court, presents nothing to this court for review. Keeley v. Ophir Hill C. M. Co. (C. C. A.) 169 F. 598; Mason v. Smith (C. C. A.) 191 F. 502; Blumenfeld v. Mogi & Co. (C. C. A.) 295 F. 123; Insurance Co. v. Sea, 21 Wall. 158, 22 L. Ed. 511; Lake Shore & M. S. Ry. Co. v. Eder (C. C. A.) 174 F. 944; Hekking v. Pfaff (C. C. A.) 91 F. 60, 43 L. R. A. 618; Nat. Surety Co. v. U. S. (C. C. A.) 200 F. 142; Highway Trailer Co. v. Des Moines (C. C. A.) 298 F. 71; U. S. v. Atchison T. & S. F. Ry. Co. (C. C. A.) 270 F. 4; Mercantile Trust Co. v. Wood (C. C. A.) 60 F. 346; U. S. F. & G. Co. v. Board of Com'rs

(C. C. A.) 145 F. 151; Webb v. Nat. Bank of Republic (C. C. A.) 146 F. 717; Morris v. Canda (C. C. A.) 80 F. 739.

There being a general finding by the court for the plaintiff, and no specific finding of facts, and none requested, and no motion having been made for a general finding for the defendant and no request being made for a specific declaration of law, no errors can be reviewed in this court, except those arising during the trial and before the final judgment. The facts cannot be reviewed.

[5] 2. The defendants discussed in their brief the sufficiency of plaintiff's amended petition. The sufficiency of the petition, not having been raised by demurrer, motion, request, or exception, cannot be considered and reviewed here. U. S. F. & G. Co. v. Board of Com'rs (C. C. A.) 145 F. 151; Pennok Oil Co. v. Roxana Pet. Co. (C. C. A.) 289 F. 416, and authorities there cited.

[6] 3. In assignments 13 and 14 defendants complain that the court erred in not considering certain exhibits which were admitted in evidence by the court. The exhibits were in evidence, and the presumption is that the court did consider them.

[7] 4. In assignment 6 the defendants complain: "The court erred in admitting evidence as to the reliance of plaintiff bank upon said alleged oral agreements." This assignment is too general, and does not set forth the evidence objected to, neither in substance nor at all. The assignment does not comply with rule 11 of the Circuit Court of Appeals, and therefore cannot be considered.

5. The remaining assignment of error, No. 5, is as follows: "The court erred in admitting testimony of the plaintiff bank's vice president that in June, 1922, at a meeting of some officers and directors of the Farmers' & Merchants' National Bank of Fairbury, Nebraska, he told them that the plaintiff in the future would charge matured notes to the defendant bank at maturity, and that they agreed; and the court further erred in admitting evidence of a similar conversation at Fairbury, in January, 1924, for the reason that said evidence tended to prove an oral contract concerning which parol evidence is inadmissible under the statute of frauds, and for the further reason that said alleged agreements were not binding on the plaintiff.

[8] That part of the assignment which reads as follows: "And the court further erred in admitting evidence of a similar conversation at Fairbury, in January, 1924, for the reason that said evidence tended to prove an oral contract concerning which parol evidence is inadmissible under the statute of frauds, and

for the further reason that said alleged agreements were not binding on the plaintiff"—cannot be considered, for the reason that it does not comply with the requirements of rule 11 of the Circuit Court of Appeals and does not set forth, nor in any way designate or point out to the court, the evidence complained of. Northwestern Steam Boiler & Mfg. Co. v. Gr. Lakes Eng. Wks. (C. C. A.) 181 F. 38; Bandy v. U. S. (C. C. A.) 245 F. 98; Garrett v. Pope Motor Car Co. (C. C. A.) 168 F. 905; Cass County v. Gibson (C. C. A.) 107 F. 363; Atlas Distilling Co. v. Rheinstrom (C. C. A.) 86 F. 244; Gallot v. U. S. (C. C. A.) 87 F. 446; Burchett v. U. S. (C. C. A.) 194 F. 821.

[9] In assignment No. 5 the defendant complains: "The court erred in admitting testimony of the plaintiff bank's vice president that in June, 1922, at a meeting of some officers and directors of the Farmers' & Merchants' National Bank at Fairbury, Nebraska, he told them that the plaintiff in the future would charge matured notes to the defendant bank at maturity, and that they agreed."

The only objection taken at the trial to this evidence was: "Defendant objects to the question unless he fixes the individual director." The objection was overruled, and no exception was taken to the ruling. Assignments of error, not saved by exceptions in the trial, will not be considered by the Circuit Court of Appeals. Fuller Process Co. v. Texas Co. (C. C. A.) 16 F.(2d) 108; Allen v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21, 23; St. Clair v. U. S. (C. C. A.) 12 F.(2d) 376, 378; Hood v. U. S. (C. C. A.) 14 F.(2d) 925; Hammert v. U. S. (C. C. A.) 14 F.(2d) 827; C., M. & St. P. Ry. Co. v. Harrelson (C. C. A.) 14 F.(2d) 893.

[10] Even though a proper assignment had been made the evidence objected to was not prejudicial and it is the rule that, "in an action at law, tried by the court without a jury, there is not the same necessity for nice distinctions in rulings upon the admission of evidence as when such evidence goes to a jury, for the same judicial mind which would exclude improper evidence from the jury can disregard it in considering the case; and hence, when there appears sufficient legal evidence to justify the conclusions reached, an appellate court will not reverse the judgment, although certain irrelevant evidence was heard, and was not positively excluded by order." Miller v. Houston City St. Ry. Co. (C. C. A.) 55 F. 366.

This rule is also laid down in Hinckley v. Pittsburgh Bessemer Steel Co., 121 U. S. 264, 7 S. Ct. 875, 30 L. Ed. 967; Mammoth Mining Co. v. Salt Lake Co., 151 U. S. 447, 14 S. Ct. 384, 38 L. Ed. 229; Dorsheimer v. Glenn (C. C. A.) 51 F. 404; Vera Cruz Co. v. Waddell et al. (C. C. A.) 155 F. 401. In the last case it was said: "It matters little whether a court trying a case without the intervention of a jury formally excludes evidence which it has necessarily had to hear in order to determine its relevancy at the time when offered, or at the end, when it considers the whole with a view of maturing its judgment, for the fact that it remains in the record does not necessarily imply that it was improperly considered in making the final decision."

[11] The objection, as before stated, was: "The defendant objects to the question unless he fixes the individual director." It is difficult to see wherein the defendant was prejudiced by Mr. Burnes, the vice president, not pointing out which one of the particular directors or officers of the bank that was present at the meeting and took part in the conversation made the particular statements. It is not material which director made the statement.

For the reasons assigned, we think that the judgment of the court below should be and is affirmed.